IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALSTOM POWER, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:04-CV-2370-L** |
| § | |
| **S&B ENGINEERS &** § | |
| **CONSTRUCTORS, LTD.,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are several matters filed by Plaintiff Alstom Power, Inc. ("Plaintiff" or "Alstom") and Defendant S&B Engineers & Constructors, Ltd. ("Defendant" or "S&B"). The matters include: Alstom's Application to Confirm Arbitration Award, filed January 29, 2004; a Notice of Voluntary Dismissal, filed by Alstom on October 18, 2006; and the Motion of S&B Engineers and Constructors Ltd. to Confirm Arbitration Award, filed November 20, 2006. After carefully reviewing the motions, briefs (both formal and letters), response, reply, record, and applicable law, the court, for the reasons stated herein, **strikes** Alstom's Notice of Voluntary Dismissal; **grants** Alstom's Application to Confirm Arbitration Award; and **denies as moot** the Motion of S&B Engineers and Constructors Ltd. to Confirm Arbitration Award.

## I.  BACKGROUND AND PROCEDURAL HISTORY

This proceeding, filed as an application to confirm an arbitration award, is the same as an earlier companion proceeding, *S&B Engineers and Constructors, Ltd. v. Alstom Power, Inc.*, 3:04-CV-150-L ("Civil Action No. 04-150"), which was filed as a motion to vacate the same arbitration award, differing only in the alignment of the parties and the relief sought by the parties. The

**Memorandum Opinion and Order – Page 1**

underlying arbitration award required Alstom to pay S&B $1,364,405 for damages that S&B sustained while subcontracting for Alstom in a mechanical and piping installation project. The award was issued October 30, 2003. On January 27, 2004, S&B filed a motion to vacate in the companion proceeding, contending that the arbitration panel's refusal to hear certain evidence prevented it from procuring a larger award closer to the six-million dollars in damages it had originally claimed, or at least closer to the four-million dollars that Alstom's damage expert had estimated as S&B's losses. Two days later, on January 29, 2004, Alstom filed the instant Application to Confirm Arbitration Award in the United States District Court for the Eastern District of Virginia. The Virginia court stayed the application to confirm on February 9, 2004, pending resolution of the first-filed motion to vacate in this court. The Virginia court subsequently transferred the application to confirm to this court on October 21, 2004, for possible consolidation with the first-filed motion to vacate. The two opposing motions, however, were not consolidated. Instead, the application to confirm in this case was effectively stayed until the court issued its memorandum order and opinion of October 2, 2006, denying S&B's motion to vacate the arbitration award in the companion proceeding.

Shortly after the court's denial of S&B's motion to vacate in Civil Action No. 04-150, Alstom filed a Notice of Voluntary Dismissal, contending that, pursuant to Fed. R. Civ. P. 41(a), it had the right to unilaterally terminate its application, since S&B had yet to file an answer or motion for summary judgment. Through a series of letters to the court, filed as notices, Alstom argued that the court should not enter a judgment confirming the arbitration award, because its voluntary dismissal terminated the only pending motion to confirm the arbitration award, and that S&B could no longer move to confirm, as the one-year statute of limitations under the Federal Arbitration Act

("FAA") had expired. In response, S&B filed its own motion to confirm the arbitration award on November 20, 2006, in both this and the companion proceeding. S&B argues that it is entitled to a judgment confirming the award, including prejudgment interest. Alstom opposes the entry of a judgment to confirm the arbitration award.

## II. VOLUNTARY DISMISSAL UNDER RULE 41

Alstom contends that this proceeding, 3:04-CV-2370-L, was "conclusively dismissed" when it filed its notice of dismissal, pursuant to Fed. R. Civ. P. 41, and that this court, therefore, cannot enter a judgment to confirm the arbitration award. *See* Memorandum of Alstom Power Inc. in Opposition to S&B Engineers and Constructors Motion to Confirm Arbitration Award and Request for Pre-Judgment Interest ("Alstom Response") at 5. S&B argues, however, that Alstom cannot unilaterally dismiss its application to confirm the arbitration award, because Rule 41 does not apply to a specialized proceeding such as arbitration. Memorandum of S&B Engineers and Constructors Ltd. in Support of Its Motion to Confirm Arbitration Award and Its Request for Entry of Judgment for the Principal Amount of the Award and for Pre-Judgment Interest Thereon ("S&B Br.") at 3. S&B contends that Rule 41 does not apply to a proceeding relating to arbitration for two reasons: (1) a proceeding relating to arbitration cannot be brought as a complaint to commence a civil action under the FAA; and (2) Rule 81 restricts the applicability of the Federal Rules of Civil Procedure in arbitration matters. S&B Br. at 3-4 (citing 9 U.S.C. § 6; Fed. R. Civ. P. 81(a)(3)).[1]

---

[1] Rule 81 provides that "[i]n proceedings under Title 9, U.S.C., relating to arbitration . . . these rules apply only to the extent that matters of procedure are not provided for in those statutes." Fed. R. Civ. P. 81(a)(3).

**Memorandum Opinion and Order – Page 3**

> Rule 41 pertains to voluntary dismissal of *actions* and provides as follows:
>
> an *action* may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Fed. R. Civ. P. 41(a)(1) (emphasis added). "A civil *action* is commenced by filing a *complaint* with the court." Fed. R. Civ. P. 3 (emphasis added). On the other hand, matters heard by the court relating to arbitration are commenced by the filing of an "application" or "motion." *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions."). Moreover, matters relating specifically to confirmation or vacatur of an arbitration award are required to be heard by motions. *See* 9 U.S.C. §§ 9, 10 (stating that parties seeking an order of the court to confirm or to vacate an award must do so by application). As neither of the proceedings pending in this court relating to the arbitration award at issue was commenced by a *complaint*, they cannot be *actions* as contemplated by Fed. R. Civ. P. 41(a). That both of these proceedings are docketed by the district clerk as civil actions is of no moment. Such docketing and designation simply employ a clerical procedure used by a number of districts across the nation. Designation of such arbitration proceedings as "actions," rather than motions, is a misnomer, but such an error in nomenclature does not change the substantive nature of the filings. Regardless of their designation, the applicable statute makes it unequivocally clear that matters pertaining to arbitration are *motions*, not *actions*.

Rule 41 allows a plaintiff to dismiss an action when no answer or summary judgment motion has been filed. Answers and summary judgment motions are matters that relate to civil *actions*, not motions pertaining to arbitration proceedings. *See* Fed. R. Civ. P. 7(a) and 56. A party does not file

**Memorandum Opinion and Order – Page 4**

an answer or a motion for summary judgment in response to a motion to vacate or to confirm an arbitration award. Rule 41, therefore, has no applicability to a proceeding relating to arbitration.

Alstom, by arguing that Rule 41 applies since Title 9 provides no procedure for voluntary dismissal, overlooks the whole purpose of arbitration. *See* Alstom Response at 5. If the courts afforded the full range of procedural rights allowed under the Federal Rules of Civil Procedure, such approach would defeat the objective of arbitration, which is to resolve the parties' dispute more expeditiously outside the judicial process. *See*, *e.g.*, *Gulf Guar. Life Ins. Co. v. Conn. Gen. Life Ins. Co.*, 304 F.3d 476, 489, 492 (5th Cir. 2002).

Alstom's argument misses the mark in another respect. While there is no mention of voluntary dismissal in Title 9, the statute specifically provides a procedure which allows a party to file with the court a motion to vacate or to confirm an arbitration award, and the court proceeds to rule on the motion pursuant to Title 9 and the applicable case authority. Title 9 provides all the procedure necessary for a court to rule on a motion filed thereunder, and no additional procedures are needed.

Alstom also cites to several cases in which a Rule 41 voluntary dismissal was upheld. Alstom Response at 6 (citing *Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532 (9th Cir. 1987); *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914 (5th Cir. 1975); *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885 (7th Cir. 1972)). Alstom's reliance on these cases is misplaced, as each involved actions initiated as civil actions that were commenced by the filing of a *complaint*, pursuant to Fed. R. Civ. P. 3.[2]

---

[2]In *Hamilton*, the court upheld the plaintiff's right to dismiss a reparations action after defendants prevailed on a motion to compel arbitration. 813 F.2d at 1534-35. In *Pilot*, the court upheld the plaintiff's right to dismiss an action for an injunction after an adverse ruling was issued in a separate arbitration of related matters. 506 F.2d at 916. In *Scam*, the court permitted the plaintiff to dismiss an action for patent

**Memorandum Opinion and Order – Page 5**

While S&B does not cite to any cases regarding the applicability of Rule 41 to a motion to confirm or to vacate an arbitration award, it does cite to several cases where courts have held other rules of civil procedure not applicable to an arbitration proceeding. *See*, *e.g.*, *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) (holding that Rule 55 for default judgments does not operate in the context of a motion to confirm or vacate an arbitration award); *IFC Interconsult, AG v. Safeguard Int'l Partners,* LLC, 438 F.3d 298, 309 (3d. Cir. 2006) (Rule 12(b) and the rules of civil procedure, generally, "do not apply to the responsive motion practice" of a motion to confirm an arbitration award.); *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1992) (Rule 16 treatment for a scheduling conference and hearing did not apply to applications to vacate and to confirm an arbitration award, because 9 U.S.C. §6 "preempts the applicability of the Federal Rules and an Application to Vacate is to be treated procedurally in the manner of a motion."); *Booth v. Hume Publishing, Inc.*, 902 F.2d 925 (11th Cir. 1990) (A party in a proceeding to confirm an arbitration may not bring counterclaims, because the rules of civil procedure may not apply, or apply "less rigidly," in a special statutory proceeding if application of the rules "would frustrate the statutory purpose," such as the summary nature of a proceeding to confirm an arbitration award.).

The court recognizes that the cases cited by S&B are not controlling; however, it finds the rationale employed in those cases persuasive. As the Seventh Circuit noted when it declined to apply Rule 16 to an arbitration proceeding, "It would defeat the purpose of arbitration if a reviewing court was obligated to give all the due process owed to parties filing actions of a civil nature and

---

infringement, even though the defendant filed a document entitled a motion for partial summary judgment, because the court held the purported summary judgment motion was in fact a motion to dismiss. 458 F.2d at 880. None of these actions was initiated as an application or motion to confirm or to vacate an arbitration award, and dismissal by Rule 41 was, therefore, permissible and proper. *Scam* was not even marginally related to an arbitration, and the court fails to see its relevance.

**Memorandum Opinion and Order – Page 6**

deserving of Federal Rule 16 treatment, e.g., a scheduling conference, hearing, etc." *Hughes*, 975 F.2d at 1258. In other words, if the rules of civil procedure applied, and permitted an answer, a motion for summary judgment, a counterclaim, or other such pleadings in a proceeding to vacate or to confirm an arbitration award, the purpose of avoiding protracted litigation, and costs associated with such litigation, through the arbitration process would be thoroughly frustrated.[3]

Alternatively, even if Rule 41 does apply to arbitration proceedings, the interest of justice dictates that it not apply to the instant proceeding. As the Fifth Circuit has pointed out, a Rule 41 dismissal without prejudice is only permissible where where a defendant has not yet filed an answer or motion for summary judgment, because "the purpose of the rule is to permit a plaintiff to take the case out of court at an early stage if no other party will be prejudiced." *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 662 (5th Cir. 1979). "The theory underlying this limitation is that, after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated[.]" *Id.* at 661. The Second Circuit has taken this same approach and refused to apply Rule 41(a)(1) in a case where a motion for preliminary injunction in connection with the plaintiff's suit required a three-day hearing and yielded a record of some 420 pages. *See Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 107-108 ( (2d Cir. 1953) ("[A] literal application of Rule 41(a)(1) to the present controversy would not be in accord with its essential purpose of preventing arbitrary dismissals after an advanced stage of a suit has been reached.").

---

[3]Additionally, the court notes that Rule 81 specifically limits the applicability of the federal rules to arbitration proceedings. Rule 81 provides that "[i]n proceedings under Title 9, U.S.C., relating to arbitration . . . these rules apply only to the extent that matters of procedure are not provided for in those statutes." Fed. R. Civ. P. 81(a)(3). As the court noted earlier, Alstom's argument that Rule 41 should apply because Title 9 provides no procedure for voluntary dismissal would frustrate the objective of Title 9. Arbitration simply is not designed to allow the parties to have all procedural tools that are available through the judicial process.

**Memorandum Opinion and Order – Page 7**

As stated previously, this proceeding is more than three years old, having been filed in January 2004. Initially, there was a race to the courthouse. S&B filed first (Civil Action No. 04-150), and sought to have the arbitration award vacated. Two days later, Alstom filed a motion to confirm in the Eastern District of Virginia. Shortly after this court issued its decision in Civil Action No. 04-150, Alstom filed its Notice of Voluntary Dismissal, rather than requesting the court to enter a judgment on the motion to confirm that it filed almost three years earlier. Under Alstom's approach, the use of legal legerdemain would allow a plaintiff to dismiss an action after the merits have been determined, and presumably incur no liability, as Alstom strenuously argues that S&B's motion to confirm the award is barred by a one-year statute of limitations. Clearly, S&B would suffer undue prejudice if the court were to allow Alstom to voluntarily dismiss this proceeding as an action under Rule 41. The court does not believe that Rule 41 embraces or contemplates such an unjust result.

As 9 U.S.C. § 9 points out, a court "must grant" an application for an order confirming the award "unless the award is vacated, modified, or corrected[.]" 9 U.S.C. § 9. Since the court has not vacated, modified, or corrected the arbitration award in any way, it sees no bar to entering an order and judgment confirming the award at this point. The court deems Alstom's Notice of Voluntary Dismissal improvidently filed, and will order that it be stricken, and rendered null and void. By striking the notice, this proceeding is in the same posture as if Alstom had not filed the notice.

### III. S&B'S MOTION TO CONFIRM

In light of Alstom's attempt to withdraw its motion and dismiss this proceeding, S&B filed its own motion to confirm the arbitration award following the court's denial of its motion to vacate in the companion proceeding. The court need not reach the merits of S&B's motion to confirm,

because it will strike Alstom's Notice of Voluntary Dismissal, and grant Alstom's application to confirm. Accordingly, the court will not address any of the arguments raised by the parties, except for the issue of prejudgment interest.

## IV.  PREJUDGMENT INTEREST

S&B contends that it is entitled to prejudgment interest[4] from fifteen days after the date of the award to the day before the date of judgment.[5]  S&B Br. at 12-13.  Alstom argues that S&B is not entitled to prejudgment interest, because Alstom tendered full payment of the award to S&B within fifteen days of the award, which S&B refused.  Alstom Response at 2-3.  Alstom argues that, under Texas law, when a judgment creditor has received an unconditional tender of the money awarded, there is no need for the continuing accrual of interest.  *Id.* at 2 (citing *Hopkins v. State*, No. 03-03-00499-cv, 2006, WL 1126224 *6 (Tex. App. – Austin April 27, 2006).  S&B contends that Alstom's tender was conditional, in the form of an "accord and satisfaction," and, therefore, ineffective.  S&B Br. at 14-15.  Alstom counters that the principle of accord and satisfaction was never triggered, since Alstom did not attempt to make a partial payment in exchange for S&B's agreement to settle a disputed claim.  Alstom Response at 2-3.  Both parties agree that S&B's entitlement to prejudgment interest turns on whether Alstom's tender was conditional or unconditional in nature.  *See* Reply Memorandum of S&B Engineers and Constructors in Support

---

[4]S&B uses two terms interchangeably: "post-award pre-judgment" interest and "pre-judgment interest."  As any interest awarded prior to the entry of a judgment in this proceeding would be "prejudgment" interest, that is the term this court will use to address this issue.

[5]S&B states in its brief that it "concedes that any claim it might have had for prejudgment interest prior to the award was merged with the award."  S&B Br. at 14.  S&B states its "entitlement is therefore defined by the award, which specifies that 'post-award interest shall accrue pursuant to applicable law' from the due date for payment of the $1,364,405 principal amount of the award, which was fifteen days after the award was rendered." *Id.*  Accordingly, any reference to "prejudgment interest" includes any interest claimed by S&B that may have accrued prior to the arbitration award.

**Memorandum Opinion and Order – Page 9**

of Its Motion to Confirm Arbitration Award and Its Request for Entry of Judgment for the Principal Amount of the Award and for Pre-Judgment Interest Thereon ("S&B Reply") at 5 ("The parties agree that the legal effect of Alstom's tender depends on whether it was 'conditional' or 'unconditional' in nature."). The court determines for the reasons stated below that Alstom's tender was unconditional, and S&B's refusal of that tender extinguished its entitlement to prejudgment interest.

The parties do not dispute the facts surrounding Alstom's tender of a check following the arbitration award. They dispute the nature of that tender, and how it should be interpreted. Alstom tendered a check to S&B on November, 12, 2003, for $1,364,405, the full amount of the arbitration award. S&B argues that the tender was conditional, because the invoice stub on Alstom's check stated it was "payment of AAA award in full."[6] S&B Br. at 15. S&B states that it did not cash the check over concerns about the "possible legal implications of cashing the check." *Id.* Instead, S&B initiated its motion to vacate the arbitration award on January 27, 2004. Later, on October 22, 2004, S&B's counsel wrote to Alstom's counsel asking if S&B could negotiate the check (or a replacement check) "without any prejudice to any rights it may have in the ongoing proceedings[.]" S&B Br. at 16. Alstom's counsel responded by saying that "[i]f S&B cashes the check, S&B will have embraced the award and thereby acknowledged its validity and waived its arguments that the award should be set aside, and Alstom will make that point forcefully to the court." *Id*. S&B argues that the check stub stating it was payment in full, combined with Alstom's later response, shows that the

---

[6]A copy of the check and accompanying letter was submitted by Alstom to the court through a letter notice filed October 18, 2006. The court notes that the letter states in total: "Please find enclosed ALSTOM Power Inc.'s check in the amount of $1,364,405.00. In accordance with the arbitration award dated October 30, 2003, the sum represents the payment of the American Arbitration Award in Full." The accompanying invoice stub states: "Payment of AAA award in full," and the face of the check has the notation "void if not cashed in 90 days."

**Memorandum Opinion and Order – Page 10**

tender was conditioned "upon S&B's relinquishment of its rights to further payments." *Id.* at 17. The court disagrees.

Under Texas law an accord and satisfaction rests on a "contract, express or implied, in which the parties agree to the discharge of the existing obligation by means of the *lesser* payment tendered and accepted." *Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455. (Tex. 1970) (emphasis added). Thus, to show that a tender is *conditioned* upon a release or satisfaction of a disputed claim, a party must establish an attempt to reach an agreement or a meeting of the minds. *See id.* at 455; *see also Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). As the Texas Supreme Court explains, for a tender to be conditional, and the principle of accord and satisfaction to apply:

> There must be an unmistakable communication to the creditor that tender of the lesser sum is upon the condition that acceptance will constitute satisfaction of the underlying obligation. It has been said that the conditions must be made plain, definite and certain; that the statement accompanying the tender of a sum less than the contract price must be so clear, full and explicit that it is not susceptible of any other interpretation; that the offer must be accompanied with acts and declarations which the creditor is bound to understand.

*Republic*, 150 S.W.3d at 427.

Here, Alstom's notation of "payment in full" on the check it tendered twelve days after the award does not constitute a conditional tender or an attempt to effectuate an accord and satisfaction. First, the tender was made following the issuance of an arbitration award that established the amount of damages to which S&B was entitled; therefore, Alstom's tender for the *full* amount of the award was not an attempt to discharge a greater obligation through a *lesser* payment. Second, Alstom's letter accompanying the check and invoice stub stated that "the sum represents the payment of the American Arbitration Award in full." The invoice stub repeated the words "payment of AAA award

in full"; therefore, the letter and invoice stub merely indicated that the check tendered was for the *full amount* of the arbitration award, not in full satisfaction of any disputed debt owed. Such notation of full payment is not sufficient to constitute an unmistakable communication from Alstom indicating that acceptance of the check would limit S&B's right to contest the award. The so-called "conditional" nature of the tender was not so definite, certain, clear, or explicit that S&B was "bound to understand" it, since S&B fully acknowledges that it was unsure about the "possible implications of cashing the check," and some eleven months *later* sought clarification from Alstom. It is not uncommon for a judgment to be paid so that it cuts off the accrual of interest, at least to the amount awarded, even if that amount is disputed. As Texas courts have held, full payment of a judgment can stop postjudgment interest from accruing. *See Miga v. Jensen*, 96 S.W.3d 207, 212 (Tex. 2002) ("When a judgment creditor has received an unconditional tender of the money awarded, and may invest it as he chooses, there is no need for the continuing accrual of post-judgment interest. This is true *whether or not an appeal of the underlying judgment is ongoing*.") (emphasis added); *see also Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1165 (5th Cir. 1976) (applying Texas law, the court stated:

> [O]nce a stakeholder makes an unconditional offer to give up possession of a disputed fund, it ceases to exert that dominion over the money sufficient to justify an obligation to pay interest thereon, and the rule is that once such an unconditional tender is made, any liability for interest ceases as of the date of tender.)

This court sees no difference between the tender of the amount of a judgment award to prevent postjudgment interest from accruing and the tender of the amount of an arbitration award to prevent post-award, prejudgment interest from accruing. Just as payment of a judgment will not impair a party's right to appeal the judgment, acceptance of Alstom's tender would not have prevented S&B from filing its motion to vacate the arbitration award. This court cannot say what

**Memorandum Opinion and Order – Page 12**

effect S&B's acceptance of the payment would have had on the court's overall consideration of its motion to vacate, but the court knows of no legal bar that would have terminated S&B's right to argue for vacatur simply because S&B had accepted payment of the award. S&B had several choices. It could have accepted the check, and argued about the legal effect of taking the check at a later date; accepted the check and countered with its own letter stating that it intended to cash the check tendered without any limitations on its rights, particularly since S&B expressed concern about Alstom's solvency during the arbitration; or it could have refused to cash the check. As the court noted in its earlier opinion denying S&B's motion to vacate the award, S&B made a choice, and a party has to live with the legal consequences of its choices. Since Alstom's tender was not conditional, its obligation to pay prejudgment interest was extinguished when it tendered full payment of the arbitration award prior to the payment's due date.

Alstom did later send S&B a letter suggesting that acceptance of the check would indicate that S&B embraced the arbitration award, but that letter, issued some eleven months after the initial tender, does not transform the original tender into a conditional one. First, Alstom's communication was in response to S&B's inquiry about the check (or a replacement check) during the pendency of S&B's motion to vacate. The court does not believe the letter constitutes a conditional tender, because at no point in the communication did Alstom suggest that S&B's acceptance of the check (or a replacement check) would be conditioned upon S&B's voluntary or agreed withdrawal of its motion to vacate. Alstom made no demand for S&B to drop further claims. In other words, the court sees no definite or certain language indicating that Alstom offered to pay S&B in exchange for S&B's return promise to withdraw from the pending proceedings. Instead, Alstom stated that if S&B accepted payment, it would forcefully argue to the court that S&B had embraced the award.

Alstom was, thus, pointing out, that an acceptance of payment by S&B would constitute an additional argument that it would urge in the pending proceedings. There was simply no attempt to reach a meeting of the minds. Second, even if Alstom's response letter may be interpreted as an attempt to effectuate an accord and satisfaction, the attempted conditional offer was not made until October 22, 2004. As the court noted above, Alstom's obligation to pay prejudgment interest had already been extinguished on November 12, 2003, when it first tendered full payment of the arbitration award. The court determines that because Alstom unconditionally tendered payment of the arbitration award three days before payment was due, but S&B refused it by declining to cash the check (or to even inquire about it for eleven months), S&B is not entitled to prejudgment interest.

## V. CONCLUSION

For the reasons stated herein, the court **strikes** Alstom's Notice of Voluntary Dismissal, and this notice is hereby rendered **null and void** and shall have no effect on Alstom's Application to Confirm Arbitration Award. The court **grants** Alstom's Application to Confirm Arbitration Award and, therefore, **confirms** the arbitration award of **$1,364,405** made on October 30, 2003; and **denies as moot** the Motion of S&B Engineers and Constructors Ltd. to Confirm Arbitration Award.

**It is so ordered** this 30th day of April, 2007.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge